UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARONE HUBERT, ETIENNE HUBERT<br>    Plaintiffs,<br><br>    v.<br><br>STATE OF CONNECTICUT DEPARTMENT<br>OF CORRECTION, et al.,<br>    Defendants. | No. 14-cv-00476 (VAB) |

**RULING DENYING MOTIONS TO PRECLUDE LITIGATION [Doc. Nos. 45, 63]**

Defendants, State of Connecticut Department of Correction, *et al.*, move to preclude Plaintiffs' counsel from filing any pleadings or motions in this action until Plaintiffs' counsel pays the costs assessed against him personally in another action years ago. Defendants cite to Local Rule 16(g)(2) in support of their motions. However, Local Rule 16(g)(2) is inapposite in this case, and therefore Defendants' motions to preclude litigation [Doc Nos. 45, 63] are DENIED.

In 2001, Plaintiffs' attorney, Richard Gordon, initiated litigation in this district, through counsel, in an unrelated matter. *See Gordon v. Comm'n on Human Rights and Opportunities, et al.*, No. 3:01-cv-1656 (D. Conn.). In that action, he made no appearance as an attorney, but was at all times a party represented by counsel. *See id.* On October 7, 2005, the Clerk of the Court entered an order granting in part a motion for costs filed under Fed. R. Civ. P. 54(d). *See* Case No. 3:01-cv-1656, Doc. No. 118. Mr. Gordon forfeited the $500 bond he had posted as security for costs in that case, but made no further payments on the balance of the costs ordered until a

$1,000 payment some time in 2015. Doc. No. 63, at 2. Mr. Gordon allegedly has not made any further payments, and still owes a remaining balance of $2,072.54. *Id.*

Local Rule 16(g)(2) provides as follows:

> The Clerk shall not accept for filing any paper from an attorney or *pro se* litigant against whom a final order of monetary sanctions has been imposed until the sanctions have been paid in full. Pending payment, such attorney or *pro se* litigant also may be barred from appearing in court. An order imposing monetary sanctions becomes final for the purposes of this local rule when the Court of Appeals issues its mandate or the time for filing an appeal expires.

D. Conn. L. Civ. R. 16(g)(2). The plain language of the rule states that it applies (1) to attorneys or *pro se* litigants, and (2) in situations in which sanctions have been imposed. This rule does not apply in this case for two reasons.

First, Mr. Gordon was neither a *pro se* litigant nor acting as an attorney in the prior case. It is undisputed that, under Rule 54(d), Fed. R. Civ. P, the Court assessed costs against Mr. Gordon as the losing party in the action.

Second, costs imposed under Rule 54(d) are not sanctions, as the term is employed in Local Rule 16(g)(2). As Subdivision (1) of Local Rule 16(g) explains, "[t]he Court may impose sanctions directly against counsel who disobey an order of the Court or intentionally obstruct the effective and efficient administration of justice." D. Conn. L. Civ. R. 16(g)(1). Various other sources of authority, including the Court's inherent power, likewise enable the Court to impose sanctions on both parties and their counsel for conduct worthy of opprobrium. *See*, *e.g.*, Fed. R. Civ. P. 11(c); 28 U.S.C. § 1927; *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-79 (2d Cir. 2000) (the court's "inherent power to sanction parties and their attorneys" may "be exercised where the party or the attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (internal quotation marks omitted).

In explicit contrast, "Subdivision (2)(E) of Rule 54(d) states that '[t]he provisions of subparagraphs (A) through (D) do not apply to claims for fees and expenses as sanctions for violations of these rules or under 28 U.S.C. § 1927.' Fed. R. Civ. P. 54(d)(2)(E)." *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997). Rather than being imposed as a penalty for bad behavior on the part of a litigant's counsel, Rule 54(d) provides that certain costs "shall be allowed as of course to the prevailing party,"[1] and "taxed against the losing party, not counsel for that party." *Wilder v. GL Bus Lines*, 258 F.3d 126, 129-30 (2d Cir. 2001) (internal quotation marks and citations omitted).

Because Local Rule 16(g)(2) does not apply to the circumstances of this case and because Defendants cite no other authorities for precluding Plaintiffs' counsel from filing any pleadings or motions in this action, Defendants' motions to preclude litigation [Doc. Nos. 45, 63] are DENIED.

SO ORDERED at Bridgeport, Connecticut, this 12th day of January, 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[1] While Rule 54(d) was amended in 2007 to, *inter alia*, change the word "shall" to "should" and remove the phrase "as of course," the changes were simply "part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules," and was "intended to be stylistic only." Fed. R. Civ. P. 54 advisory committee's note to 2007 Amendment.