UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARONE HUBERT,<br>    Plaintiff,<br><br>    v.<br><br>STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTIONS, et al.,<br>    Defendants. | No. 14-cv-476 (VAB) |

**ORDER REJECTING PLAINTIFF'S *NUNC PRO TUNC* FILING AND FUTURE *NUNC PRO TUNC* FILINGS**

    Plaintiff, Sharone Hubert, brought this action against Defendants, Captain Kyle Godding, Deputy Warden Michael Davis, Correction Officer Kevin Curry, Lieutenant Derrick Austin, and Lieutenant Cicero Collender, each in his personal and official capacities, and the State of Connecticut Department of Correction ("DOC"), on April 4, 2014. On July 20, 2016, Defendants filed a motion for permission to file a document under seal in relation to one exhibit in support of a forthcoming motion to preclude, which contained pornographic material. ECF No. 90. The Court granted that motion to seal on July 22, 2016. ECF No. 92. Plaintiff now files a response, *nunc pro tunc*, to Defendants' motion for permission to file documents under seal, dated November 13, 2016. ECF No. 108.

    As described below, Plaintiff has repeatedly failed to meet deadlines and comply with the orders of this Court throughout the history of this case. For that reason, the Court rejects this *nunc pro tunc* filing and further orders that the Court will no longer consider any future *nunc pro tunc* or untimely filings by Plaintiff in this case. Plaintiff must comply with the Court's deadlines with regards to all future filings if she wishes to respond to Defendants' motions.

1

This case was transferred to this Court (Bolden, J.) on January 26, 2015.  ECF No. 24.  Since that time, Plaintiff has repeatedly failed to meet deadlines and comply with the orders of this Court, both in filing motions and responses, as well as in responding to discovery requests.  Several instances where Plaintiff failed to meet deadlines, or otherwise comply with the orders of this Court, are detailed below:

- Defendants filed their motion to dismiss on June 11, 2015.  ECF No. 40.  Local Rule 7 provides that responses to any motion "shall be filed within twenty-one (21) days," thus July 2, 2015 was the due date for Plaintiff's response.  Local R. Civ. P. 7(a).  Plaintiff did not file her motion for extension, *nunc pro tunc*, until July 31, 2015.  ECF No. 46.  The Court granted the requested extension of time, until August 25, 2015.  ECF No. 47.

- Plaintiff then failed to file her response to Defendants' motion to dismiss on August 25, 2015, instead filing a second motion for extension of time, *nunc pro tunc*, on August 27, 2015.  ECF No. 49.  This motion requested an extension of time until September 14, 2015.  The Court granted this motion, but noted that the Court would not grant future *nunc pro tunc* motions for extension of time if Plaintiff failed to comply with Local Rule 7's requirement that such motions shall include a statement by moving counsel that "(1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position."  Local R. Civ. P. 7(b); ECF No. 50.

- Plaintiff then failed to file her response to Defendants' motion to dismiss on September 14, 2015, instead filing a third motion for extension of time, *nunc pro tunc*, on September 24, 2015.  ECF No. 52.  This motion requested an extension of time until October 10, 2015.  Plaintiff then filed her response to Defendants' motion to dismiss on October 19, 2015, before the Court acted on her third motion for extension of time.  ECF No. 55.

- On January 12, 2016, Plaintiff filed a motion for extension of time, *nunc pro tunc*, until February 11, 2016 to file a sur-reply to Defendants' reply, dated December 8, 2015, in response to Plaintiff's response to Defendants' motion to dismiss.  ECF No. 64.  The Court denied this motion on January 14, 2016, referring to its previous order, ECF No. 50, which indicated that Plaintiff shall not file additional motions *nunc pro tunc* without ascertaining Defendants' counsel's position regarding such motions.  ECF No. 66.  The Court also indicated that Plaintiff "repeatedly has submitted late filings and otherwise failed to comply with the rules of this Court."  ECF No. 66.

- The parties agreed that the initial discovery protocols would apply to the case, but Plaintiff did not respond to Defendants' requests by the May 9, 2016 due date.  *See* Notice, ECF No. 78.  Defendants therefore requested a telephonic discovery conference, which was rescheduled several times until it took place on June 30, 2016.  ECF No. 87.  In the meantime, Plaintiff filed a motion for extension of time, *nunc pro tunc*, to respond to Defendants' request for admissions.  ECF No. 82.  The Court granted the motion,

2

allowing Plaintiff until June 10, 2016 to respond to Defendants' request for admissions. ECF No. 84.

- During the June 30, 2016 telephonic discovery conference, the Court indicated that Plaintiff must, by July 15, 2016, produce all materials responsive to all outstanding discovery requests identified during the conference. ECF No. 87. Following the conference, the Court issued an order stating that, "given the repeated failure of Plaintiff to comply with deadlines in this case or to meet her discovery obligations," if Plaintiff failed to produce any of the documents by July 15, 2016, such documents "may not be used by Plaintiff in the prosecution of this litigation." ECF No. 88. On July 15, 2016, Plaintiff then filed a motion for extension of time until August 31, 2016 to authenticate certain phone records, which were among the documents that the Court ordered must be produced by July 15, 2016. ECF No. 89.

- Following the Plaintiff's failure to produce documents by July 15, 2016, Defendants filed a Motion to Preclude on July 20, 2016. ECF No. 91. Plaintiff's response to this motion was due by August 10, 2016. Local R. Civ. P. 7(a). On September 1, 2016, Plaintiff filed a motion for extension of time, *nunc pro tunc*, to the Defendants' motion to preclude. ECF No. 94. The Court denied Plaintiff's motion for an extension of time on September 2, 2016. ECF No. 96. The Court also denied Defendants' motion to preclude without prejudice to renewal at a later stage of the litigation. ECF No. 97.

- On September 9, 2016, Defendants moved for an additional discovery conference. ECF No. 98. The Court denied this motion on September 19, 2016 because the history of this case suggested that such a conference would be unfruitful. ECF No. 88. Instead, the Court ordered that, as it had "now been more than 60 days" since the July 15, 2016 deadline that the Court previously set for Plaintiffs to produce documents, ECF No. 88, Plaintiff would be precluded from using and relying on any documents that she had failed to produce by September 19, 2016. ECF No. 99. During a September 30, 2016 telephonic status conference to discuss this order, the Court ordered that Plaintiff file any response she should wish to file by October 7, 2016. ECF No. 102. While Plaintiff filed her Motion for Reconsideration on October 7, 2016, she omitted the vast majority of the exhibits in support of the motion. ECF No. 106.

- When the Court then ordered Plaintiff to re-file her Motion for Reconsideration with the missing exhibits, ECF No. 103, by October 14, 2016, ECF No. 105, Plaintiff failed to do so until October 26, 2016. ECF No. 106.

Because the Plaintiff has repeatedly failed to meet deadlines and otherwise comply with the orders of the Court, the Court declines to consider Plaintiff's most recent *nunc pro tunc* filing, ECF No. 108, and further orders that the Court will no longer consider any future *nunc pro tunc* or otherwise untimely filings by Plaintiff in this case. The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute

3

but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016). Plaintiff is therefore given notice that the Court will not consider any future filing that does not comply with the Court's deadlines. Plaintiff is reminded that, to be timely, "all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion." Local R. Civ. P. 7(a). Plaintiff is further reminded that motions for extension of time should be filed with the Court "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

SO ORDERED at Bridgeport, Connecticut, this 15th day of November, 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge